UNITED STATES of America, Plaintiff–Appellee,

v.

Jonathan Mauricio CARMONA–BELLO, a.k.a. David Saucedo, Defendant–Appellant.

No. 13–11440
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Nov. 4, 2013.

Robert G. Davies, John Ryan Love, Pamela C. Marsh, U.S. Attorney's Office, Pensacola, FL, Terry Flynn, U.S. Attorney's Office, Tallahassee, FL, for Plaintiff–Appellee.

David Saucedo, Federal Public Defender's Office, Pensacola, FL, Randolph Patterson Murrell, Gwendolyn Louise Spivey, Federal Public Defender's Office, Tallahassee, FL, for Defendant–Appellant.

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Jonathan Mauricio Carmona–Bello appeals his 30–month sentence, imposed below the guideline range, after pleading guilty to a single count of illegal re-entry of a deported alien, in violation of 8 U.S.C.

§ 1326(a) and (b)(2). On appeal, he argues that the district court erred in overruling his objection to a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior conviction in North Carolina for felony taking indecent liberties with a child. Carmona–Bello asks us to reconsider our decision in *United States v. Ramirez–Garcia*, 646 F.3d 778 (11th Cir. 2011), where we held that a violation of the North Carolina statute that prohibits taking indecent liberties with a minor constitutes sexual abuse of a minor, and, thus, a crime of violence for the purpose of applying an offense-level enhancement under § 2L1.2(b)(1)(A)(ii).

"Under the prior precedent rule, we are bound to follow a prior binding precedent unless or until it is overturned by this court en banc or by the Supreme Court." *United States v. Vega–Castillo*, 540 F.3d 1235, 1236 (11th Cir.2008) (per curiam) (internal quotation marks omitted). Because our holding in *Ramirez–Garcia* is directly applicable to Carmona–Bello's case, and it has not been overturned by this court en banc or by the United States Supreme Court, we conclude that the district court correctly applied the 16–level enhancement under § 2L1.2(b)(1)(A)(ii).

**AFFIRMED.**